Serial: **258007**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 89-R-99001-SCT

**FILED**

AUG 1 1 2025

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### *IN RE: THE RULES OF CIVIL PROCEDURE*

## ORDER

Before the en banc Court is the Supreme Court Advisory Committee on Rules' Motion to Amend M.R.C.P. 3. The motion was posted for comment and none were received.

After due consideration, the Court finds the motion should be granted as set forth in the attached Exhibit A.

IT IS, THEREFORE, ORDERED that the motion is granted as set forth in the attached Exhibit A. The amendments shall be effective thirty days from the entry of the instant order.

IT IS, FURTHER, ORDERED that the Clerk of this Court must spread this order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the 11ᵗʰ day of August, 2025.

_____
JOSIAH DENNIS COLEMAN,
PRESIDING JUSTICE

**ALL JUSTICES AGREE.**

# EXHIBIT A

## RULE 3. COMMENCEMENT OF ACTION

**(a) Filing of Complaint.** A civil action is commenced by filing a complaint with the court. A costs deposit shall be made with the filing of the complaint, such deposit to be in the amount required by <u>law and rules of the court</u> ~~the applicable Uniform Rule governing the court in which the complaint is filed.~~

~~The amount of the required costs deposit shall become effective immediately upon promulgation of the applicable Uniform Court Rule and its approval by the Mississippi Supreme Court.~~

~~**(b) Motion for Security for Costs.** The plaintiff may be required on motion of the clerk or any party to the action to give security within sixty days after an order of the court for all costs accrued or to accrue in the action. The person making such motion shall state by affidavit that the plaintiff is a nonresident of the state and has not, as affiant believes, sufficient property in this state out of which costs can be made if adjudged against him; or if the plaintiff be a resident of the state, that he has good reason to believe and does believe, that such plaintiff cannot be made to pay the costs of the action if adjudged against him. When the affidavit is made by a defendant it shall state that affiant has, as he believes, a meritorious defense and that the affidavit is not made for delay; when the affidavit is made by one not a party defendant it shall state that it is not made at the instance of a party defendant. If the security be not given, the suit shall be dismissed and execution issued for the costs that have accrued; however, the court may, for good cause shown, extend the time for giving such security.~~

~~**(c)**~~ **(b)** **Proceeding In Forma Pauperis.** A party may proceed in forma pauperis in accordance with sections 11-53-17 and 11-53-19 of the Mississippi Code Annotated. The court may, however, on the motion of any party, on the motion of the clerk of the court, or on its own initiative, examine the affiant as to the facts and circumstances of his pauperism.

~~**(d) Accounting for Costs.** Within sixty days of the conclusion of an action, whether by dismissal or by final judgment, the clerk shall prepare an itemized statement of costs incurred in the action and shall submit the statement to the parties or, if represented, to their attorneys. If a refund of costs deposit is due, the clerk shall include payment with the statement; if additional costs are due, a bill for same shall accompany the statement.~~

[Amended effective September 1, 1987; ~~amended effective~~ June 24, 1992; ~~amended effective~~ September 25, 2014; <u>September 10, 2025</u>.]

### Advisory Committee Historical Note

2

Effective September 10, 2025, Rule 3(a) was amended to provide that the cost deposit shall be in an amount required by law and rules of court. Rule 3(b) [Motion for Security Costs.] and 3(d) [Accounting for Costs.] were deleted. Rule 3(c) [Proceeding in Forma Pauperis] was renumbered 3(b). XX So. 3d XX (Miss. 20__).

Effective June 24, 1992, Rule 3(a) was amended to provide that before they are effective, the amounts of required costs deposits must be promulgated by Uniform Court Rule and approved by the Mississippi Supreme Court. 598-602 So. 2d XXI (West Miss. Cas. 1992).

Effective September 1, 1987, Rule 3(e) was amended by providing that the amount required as a deposit for filing suit shall be the amount required by the Uniform Rule governing the court in which the action is filed. 508-511 So. 2d XXV (West Miss. Cas. 1988).

## Advisory Committee Notes

Rule 3(a) establishes a precise date for fixing the commencement of a civil action. The first step in a civil action is the filing of the complaint with the clerk or judge. Service of process upon the defendant is not essential to commencement of the action, but Rule 4(h) does require service of the summons and complaint within 120 days after the filing of the complaint.

Ascertaining the precise date of commencement is important in determining whether an action has been brought prematurely; whether it is barred by a statute of limitations; and which of two or more courts in which actions involving the same parties and issues have been instituted should retain the case for disposition, absent special considerations.

The provisions in Rule 3 pertaining to costs are intended to make uniform the assessing, accounting for, and funding of costs.

Rule 3(c) (b) allows indigents to sue without depositing security for costs; however, the indigent affiant may be examined as to affiant's financial condition and the court may, if the allegation of indigency is false, dismiss the action.

[Advisory Committee Note adopted effectively July 1, 2014; amended September 10, 2025.]

3